## Hartwell v. Walker.

Where an agent, authorized to purchase grain for his principal, contracts with a third person to take "all the grain he could deliver within a certain time," the contract will not be binding on the principal. *Per Cur:* The agent undertook to bind his principal for the purchase of grain, but the other party did not bind himself to sell any. Principals may make what contracts they choose; but the power to make a contract of this sort cannot be deduced from any general authority.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Micou*, for the plaintiff. *Grymes, Elmore* and *King*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff, who resides in Cincinnati, sues the defendant, who is a merchant in the city of New Orleans, for the sum of seven thousand three hundred and twenty nine dollars. The cause of action alleged is, that the plaintiff, in April, 1847, entered into a certain contract or contracts with the defendant, represented by his agents, by which the defendant agreed to purchase from the plaintiff certain large quantities of oats, at the price of fifty and fifty three cents a bushel, beside the charges from Cincinnati, where the contract was made, to New Orleans; that the defendant agreed to pay for said oats in cash on demand, or by the acceptance and payment of drafts drawn on him, for the price thereof, by his said agents. The plaintiff charges that, under his contract he made several shipments of oats to the defendant, which were paid for in cash by his agents in Cincinnati, or by bills on New Orleans; but that, in consequence of the fall in the market value of oats, and for no other reason he, the defendant, refused to receive and pay for certain other shipments made by him, the plaintiff, under the contract; that under an agreement made between him and the defendant, a portion of these shipments were received by the latter, at the current market price, without prejudice to the ulterior claims of the plaintiff; that other shipments arriving the defendant refused absolutely to receive them, and they were sold at auction, after due notice and advertisement, on his account, at a considerable loss. For the deficit on these operations, and the loss, charges and damages incident thereto, this action was brought.

The general issue is pleaded by the defendant, and the plaintiff is expressly charged in the answer, with having combined with one of his agents, for the purpose of defrauding him. The plaintiff had judgment in the District Court for the sum of six thousand two hundred and thirty seven dollars and sixty seven cents, with interest, and the defendant has appealed.

The manner in which the cause has been presented to us by counsel, limits our enquiry to the operations under one single contract, and, if they are excluded from the general account between the parties, the balance will be in favor of the defendant. This contract was made with the plaintiff by *John G. Wasson*, the agent of the defendant, on or about the 19th April, 1847, and we give it in the language of *Wasson*, who was examined as a witness; "The contract was that the witness would take from *Mr. Hartwell* all the oats he could deliver between that date and the 1st of June, 1847, at fifty three cents per bushel, delivered in Cincinnati. In pursuance of this contract of about the 19th of April, the oats were delivered by *Mr. Hartwell* in quantities, and at the rates specified in the accounts marked A."

58

HARTWELL
v.
WALKER.

The plaintiff recovered in the District Court on the ground that, *Wasson* was the general agent of the defendant, he having been sent to the western country for the purpose of making large purchases of grain and horses, which the defendant was selling for the use of the army in Mexico; and it is contended by the counsel for the plaintiff that this contract was ratified by *Davenport*, the principal agent of the defendant in the west.

Conceding that *Wasson* and *Davenport* had full power from the defendant to contract for the sale and delivery of oats with the plaintiff, it is evident that the contract made by *Wasson* did not secure to the defendant a single bushel of oats. *Wasson* undertook to bind his principal for the purchase of oats, but *Hartwell*, the plaintiff, did not bind himself to sell any. *Hartwell*, by this agreement, had the range of the market, at a time when the article was peculiarly liable to fluctuation in value, for the space of six weeks; if it fell in value, any quantity— *all the oats he could deliver*—could be put upon the defendant at fifty three cents a bushel; and if it rose, the defendant could have no benefit from the agreement. Principals can make what contracts they choose; but we do not understand, how the power to make a contract of this kind, on the part of an agent, can be deduced from any general authority. Story on Agency, nos. 21, 62, 68. The defendant certainly gave his agents no authority to bind him to this extent.

Under this view of the subject it is unnecessary to enquire whether *Wasson*, in his contracts for oats, exceeded the limits of prices prescribed by the defendant, or to examine the other questions raised by counsel on the argument of the cause.

The judgment of the District Court is therefore reversed, and judgment rendered for the defendant, with costs in both courts.